UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Stephen Toscano,<br><br>              Plaintiff,<br>v.<br><br>Westlake Financial,<br><br>              Defendant. | Civil Action No.: 15-3218<br><br><br>COMPLAINT |

For this Complaint, Plaintiff, Stephen Toscano, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. Plaintiff, Stephen Toscano ("Plaintiff"), is an adult individual residing in Elmont, New York, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Westlake Financial ("Westlake"), is a California business entity with an address of 4751 Wilshire Boulevard, #100, Los Angeles, California 90010, and is a "person" as defined by 47 U.S.C. § 153(39).

### FACTS

5. In or around January 2015, Westlake began calling Plaintiff's cellular telephone, number 917-XXX-0410.

6. Westlake called Plaintiff from telephone numbers 917-521-6008, 855-884-5582,

917-338-4358, 888-739-9192, 917-338-0655, and 917-338-2317 using an automatic telephone dialing system ("ATDS").

7. When Plaintiff answered calls from Westlake, he heard silence followed by a beep before Westlake's telephone system connected him to a live representative.

8. In or around March 2015, Plaintiff requested that Westlake stop calling his cellular telephone number. In response, Westlake apologized for the calls and told Plaintiff that they would take his number off of their calling list.

9. Nevertheless, Westlake continued to place automated calls to Plaintiff's cellular telephone.

## COUNT I
## VIOLATIONS OF THE TCPA –
## 47 U.S.C. § 227, *et seq.*

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11. At all times mentioned herein, Defendant called Plaintiff on his cellular telephone using an ATDS or a "predictive dialer".

12. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before

2

disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

13. Defendant's telephone system(s) have some earmarks of a predictive dialer. When Plaintiff answered calls, he heard silence followed by a beep before Defendant's telephone system would connect him to the next available representative.

14. Upon information and belief, Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

15. Despite being directing to cease all calls, Defendant continued to place automatic telephone calls to Plaintiff's cellular telephone. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

16. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19. Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each call made in knowing and/or willful violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendant as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 3, 2015

Respectfully submitted,

By _____

Sergei Lemberg (SL 6331)
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff